1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN ALARCON,<br><br>                                   Plaintiff,<br><br>     v.<br><br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                                   Defendant. | CASE NO. 12-CV-1719-IEG (MDD)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 11]; and**<br><br>**(2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [Doc. No. 15]** |

Plaintiff Marilyn Alarcon ("Plaintiff") seeks review of the Commissioner's final decision denying her application for social security benefits under Title II of the Social Security Act.  Plaintiff filed a motion for summary judgment, requesting the Court reverse the final decision of the Commissioner and order the payment of benefits, or remand for further proceedings.  [Doc. No. 11.]  The Commissioner filed a cross-motion for summary judgment.  [Doc. No. 15.]  The motions raise a single issue:  whether the administrative law judge's ("ALJ") determination that Plaintiff could perform her past work was based on legal error or was unsupported by substantial evidence.  [Doc. Nos. 11, 15.]  For the reasons stated below, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** the Commissioner's cross-motion for summary judgment.

# PROCEDURAL HISTORY

On April 19 and 20, 2010, Plaintiff filed applications for social security disability benefits and supplemental security income under Titles II and XVI of the Social Security Act.  [Administrative Record ("AR") at  40, 178-82.]  Her application was denied both initially and on reconsideration.  [AR at 40.]  On March 10, 2011, Plaintiff appeared at a hearing before an ALJ.  [AR at 56-93.]  Plaintiff was represented by counsel and testified on her own behalf.  A VE also testified.  [AR at 57-58.]  On July 13, 2011, the ALJ issued a decision determining that Plaintiff was not disabled within the meaning of the Social Security Act.  [AR at 37-49.]  On February 9, 2012, the Appeals Council denied Plaintiff's request for review.  [AR at 6-8.]  Plaintiff filed this action seeking judicial review under 42 U.S.C. § 405(g) on July 11, 2012.  [Doc. No. 1, Compl.]

# BACKGROUND

**A.     Hearing Testimony**

Plaintiff first testified about her basic biographical information, including date of birth, education, and citizenship.  [AR at 59-61.]  Plaintiff then testified about her work history and described her duties at each job.  [Id. at 62-73.]  The ALJ subsequently asked Plaintiff why she could not currently work, and Plaintiff responded by discussing various ailments that she stated prevent her from working, including pain in her hands, shoulders, and neck.  [Id. at 76-81, 84.]  Plaintiff next discussed the household activities that she was unable to perform due to her ailments.  [Id. at 81-84.]

The ALJ then received testimony from the vocational expert ("VE").  The ALJ first confirmed that the VE was familiar with the exhibits and that she heard Plaintiff's testimony regarding her work history.  [Id. at 88.]  He then requested that if the VE has any differences of opinion with the Dictionary of Occupational Titles ("DOT") during her testimony, that she explain her reasons.  [Id. at 89.]  The ALJ asked the VE to hypothetically assume Plaintiff's characteristics and limitations,

1   including her inability to reach or work above shoulder height with either of her

2   extremities.  The ALJ asked the VE if Plaintiff, with those limitations, is able to

3   return to any of her past relevant work.  The VE answered that Plaintiff is able to

4   perform her past relevant work as an assembler, printed circuit boards ("assembler")

5   both as actually done and as generally done in the national economy.  [Id. at 48, 90-

6   91.]  Plaintiff's attorney did not challenge any of the VE's responses or opinions

7   during the hearing.  [Id. at 92.]

8   **B.      ALJ's Decision**

9          The ALJ ultimately found that Plaintiff was not disabled.  [AR at 47-49.]  The

10   ALJ first found that Plaintiff had the following impairments which in combination

11   are considered "severe" under the Social Security Act and regulations:  breast

12   cancer, status post right masectomy and chemotherapy but not radiation in

13   November 2002, without metastasis or recurrence; Stage IIB melanoma, status post

14   excision of lesion on right buttock in November 2008, without metastasis or

15   recurrence; remote viral cardiomyopathy in December 2001, without persisting

16   congestive heart failure; non-insulin dependent diabetes mellitus, well controlled;

17   tendinitis, both shoulders; flexor tendinitis, both thumbs; borderline carpal tunnel

18   syndrome, right hand, and possible diabetic sensory neuropathy in both hands, per

19   electrodiagnostic testing in September 2010; and osteopenia in the hips but not the

20   spine.  [Id. at 43.]

21          The ALJ then found that these impairments did not meet or medically equal a

22   listed impairment.  [Id.]  The ALJ next determined that Plaintiff had the residual

23   functional capacity to perform work activity at, *inter alia*, the sedentary exertional

24   level, with some limitations, including no reaching or working above shoulder

25   height with either upper extremity.  [Id.]  Finally, the ALJ determined that Plaintiff

26   could perform her previous job as an assembler, both as actually and generally done.

27   [Id. at 48.]  The ALJ concluded that because Plaintiff could return to her job as an

28   assembler, Plaintiff is not under a disability as defined in the Social Security Act.

1   [Id. at 41, 48-49.]

2                          **STANDARD OF REVIEW**

3        Section 405(g) of the Social Security Act allows unsuccessful applicants to

4   seek judicial review of a final decision of the Commissioner.  42 U.S.C. § 405(g).

5   This Court has jurisdiction to review the Commissioner's benefits decision and

6   "shall have the power to enter, upon the pleadings and transcript of the record, a

7   judgment affirming, modifying, or reversing the decision of the Commissioner, with

8   or without remanding the case for a hearing."  Id.  The Commissioner's denial of

9   benefits will only be disturbed if the ALJ's findings are based on legal error or are

10  not supported by substantial evidence.  Mayes v. Massanari, 276 F.3d 453, 458-59

11  (9th Cir. 2001).  "Substantial evidence is more than a mere scintilla but less than a

12  preponderance; it is such relevant evidence as a reasonable mind might accept as

13  adequate to support a conclusion."  Id. at 459 (internal quotations omitted).

14  "Whether substantial evidence supports a finding is determined from the record as a

15  whole, with the court weighing both the evidence that supports and the evidence that

16  detracts from the ALJ's conclusion. . . . When the evidence can rationally be

17  interpreted in more than one way, the court must uphold the Commissioner's

18  decision."  Id. (internal citation omitted).

19                              **DISCUSSION**

20       Plaintiff contests the ALJ's determination that she is not disabled, and argues

21  that the ALJ committed reversible error when he found that Plaintiff can perform her

22  past work because it "requires functional capacity beyond the ALJ's assessed

23  residual functional capacity." [Doc. No. 11-1, Pl.'s Mot. at 2.]  More specifically,

24  Plaintiff argues that there is a conflict between the VE's testimony and the job

25  description in the DOT.  Plaintiff argues that the VE erroneously stated that Plaintiff,

26  who is unable to reach above shoulder height, could perform the job of assembler

27  when the DOT classification stated that it requires the ability to reach frequently.

28  [Id. at 5-11.]  Plaintiff also contends that the ALJ's reliance on the VE's testimony

1   was improper because he did not question the VE's alleged deviation from the DOT.

2   [Id.]

3         An ALJ is permitted to rely on both the DOT and a VE's testimony.  Social

4   Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) (citing 20

5   C.F.R. 404.1566(d); 20 C.F.R. 416.966(d); 20 C.F.R. 404.1566(e); 20 C.F.R.

6   416.966(e)).  The Social Security Administration "rel[ies] primarily on the DOT . . .

7   for information about the requirements of work in the national economy."  SSR 00-

8   4p, 2000 WL 1898704, at *2.  The Social Security Administration also recognizes

9   that a VE "may be able to provide more specific information about jobs or

10   occupations than the DOT."  Id. at *3.

11         SSR 00-4p states that "[w]hen a VE . . . provides evidence about the

12   requirements of a job or occupation, the adjudicator has an affirmative responsibility

13   to ask about any possible conflict between that VE . . . evidence and information

14   provided in the DOT."  SSR 00-4p, 2000 WL 1898704, at *4.  SSR 00-4p states that

15   the adjudicator has the responsibility to ask the VE "if the evidence he or she has

16   provided conflicts with information provided in the DOT" and to "obtain a

17   reasonable explanation" if there is an "apparent conflict."  Id.  In light of SSR 00-4p,

18   the Ninth Circuit held that an ALJ may not "rely on a [VE]'s testimony regarding the

19   requirements of a particular job without first inquiring whether the testimony

20   conflicts with the [DOT]."  Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir.

21   2007).  If there is a conflict, "[n]either the DOT nor the VE . . . evidence

22   automatically 'trumps' . . . ."  Id.  "The adjudicator must resolve [a] conflict by

23   determining if the explanation given by the VE . . . is reasonable and provides a

24   basis for relying on the VE . . . testimony rather than on the DOT information."  Id.

25         The Court finds persuasive cases which on facts similar to the present case

26   determined that a VE's more specific testimony did not conflict with a generalized

27   DOT classification.  See, e.g., Carey v. Apfel, 230 F.3d 131 (5th Cir. 2000); Johnson

28   v. Astrue, 2011 WL 6132255, at *3-4 (C.D. Cal. Dec. 9, 2011) (finding that

1   Plaintiff's restriction for overhead reaching did not preclude him from a job where

2   the DOT classification, which mentioned frequent lifting, did not explicitly mention

3   overhead reaching); <u>Rerkphuritat v. Astrue</u>, 2011 WL 5221883, at *4 (C.D. Cal.

4   Nov. 2, 2011) (finding no conflict with the VE's testimony that the plaintiff, who

5   had limitations on reaching with his right extremity, could perform a job where the

6   DOT classification, which stated that the job required frequent reaching, did not

7   state that the job required the ability to reach with both hands); <u>Espinosa v. Astrue</u>,

8   2008 WL 1833546, at *10-11 (E.D. Cal. Apr. 22, 2008) (finding that substantial

9   evidence supported the ALJ's decision because "[a]lthough the ALJ did not

10  expressly ask whether the positions identified were consistent with the DOT

11  classifications, the VE's testimony demonstrates that she took into account the

12  reaching restrictions"); <u>but see</u> <u>Prochaska v. Barnhart</u>, 454 F.3d 731, 736 (7th Cir.

13  2006) (holding that the ALJ should have resolved an inconsistency with the VE's

14  testimony when it was unclear whether the DOT description, which included

15  frequent reaching, required reaching above shoulder level).

16       In <u>Carey</u>, the Fifth Circuit found that there was no conflict between the VE's

17  testimony and the DOT on facts similar to the instant case.  230 F.3d 131.  The DOT

18  descriptions for the jobs in question stated that they required some ability to finger

19  and handle things.  The VE presented testimony that the plaintiff could perform

20  these jobs despite only having one hand.  <u>Id.</u> at 145-46. The Fifth Circuit held that

21  because the DOT did not specifically require bilateral fingering ability or dexterity,

22  there was no conflict between the DOT and the VE's testimony.  <u>Id.</u> at 146.  The

23  Fifth Circuit stated that the purported conflict raised by the plaintiff "actually

24  reduce[d] to a factual disagreement about whether a person with one arm can

25  perform a job requiring some degree of manual dexterity and fingering."  <u>Id.</u> at 146.

26  The Fifth Circuit noted that the plaintiff did not cross-examine the VE regarding her

27  testimony and held that a plaintiff "should not be permitted to scan the record for

28  implied or unexplained conflicts between the specific testimony of an expert witness

1    and the voluminous provisions of the DOT, and then present that conflict as

2    reversible error, when the conflict was not deemed sufficient to merit adversarial

3    development in the administrative hearing." Id. at 146-47.  The Carey Court

4    declined to reverse the Commissioner's determination because the VE's testimony

5    was adequate to support the ALJ's decision. Id. at 147.

6           The Fifth Circuit's reasoning in Carey is persuasive, in light of its similarities

7    to the instant case.  The ALJ's decision in the present case to not ask the VE for a

8    reasonable explanation was rational and based on proper legal standards as the VE's

9    testimony that Plaintiff, despite her inability to reach above her shoulder, is able to

10   perform the job of assembler, is not in conflict with the DOT's more general

11   description of this job.  See SSR-004p, 2000 WL 1898704, at *3-4.  The DOT's

12   description for Plaintiff's relevant past work only states that the job in question

13   requires frequent reaching, and not frequent reaching above the shoulder.  See

14   DICOT 726.684-110 ("Reaching: Frequently - Exists from 1/3 to 2/3 of the time").

15   Therefore, the ALJ did not commit legal error by not asking the VE for a reasonable

16   explanation.  See SSR-004p, 2000 WL 1898704, at *4.

17          The Court respectfully declines to adopt the Seventh Circuit's reasoning in

18   Prochaska in the instant case.  VE testimony that supplements a DOT description is

19   not necessarily inconsistent with the DOT under SSR 00-4p.  See SSR 00-4p, 2000

20   WL 1898704, at *3-4; Prochaska, 454 F.3d at 736.  SSR 00-4p provides several

21   illustrations of when VE testimony conflicts with information in the DOT.  For

22   example, SSR 00-4p states that if the DOT describes an occupation as involving

23   "medium" work, an adjudicator may not rely on VE testimony that the occupation is

24   "light" work.  SSR 00-4p, 2000 WL 1898704, at *3.  SSR 00-4p also states VE

25   "evidence may not be relied upon to establish that unskilled work involves complex

26   duties that take many months to learn, because that is inconsistent with the

27   regulatory definition of unskilled work." Id.  Here, there is no such inconsistency.

28   The DOT description for assembler, which states that the job requires the ability to

25

1  reach frequently, does not conflict with the VE's testimony that Plaintiff, who could
2  not reach above shoulder height, could perform this job.  Rather, the VE was aware
3  of Plaintiff's specific limitation, and provided particularized testimony, taking into
4  account that limitation, about the job of assembler to supplement the DOT
5  description.

6       Furthermore, the ALJ properly relied on the VE's testimony to determine
7  whether Plaintiff could perform her past work as an assembler in light of her residual
8  functional capacity because there was no apparent conflict between the DOT and the
9  VE's testimony.  The ALJ posed hypothetical questions to the VE, asking her if an
10  individual with the same characteristics, including not being able to "reach[] or
11  work[] above shoulder height with either of her extremities," would be able to
12  perform Plaintiff's relevant past work.  The VE answered yes.  [AR at 90-92.]
13  Therefore, her testimony reflects that she took into account Plaintiff's residual
14  functional capacity of not being able to reach above shoulder height.  Additionally,
15  Plaintiff's counsel neither challenged the VE's answer during the hearing, nor
16  provided any explanation regarding why Plaintiff could not perform her work as an
17  assembler.  [Id. at 92.]

18       Furthermore, when Plaintiff described her work as an assembler during her
19  testimony, she notably did not state that her job duties included reaching above
20  shoulder height.  [See AR at 64-66 (mentioning the following as elements of her
21  relevant past work: pushing parts onto the PC board by hand; sitting, or choosing to
22  stand; not requiring soldering; not requiring getting the necessary parts; working at a
23  table, rather than a conveyor belt; and stamping PC boards).]

24       Accordingly, the ALJ's determination that Plaintiff can perform the relevant
25  past work despite her inability to reach above shoulder height is based on substantial
26  evidence and free of legal error.
27  / / /
28  / / /

12cv1719

1

## CONCLUSION

2          Based on the foregoing, the Court **DENIES** Plaintiff's motion for summary

3 judgment and **GRANTS** the Commissioner's cross-motion for summary judgment.

4 The ALJ's decision is **AFFIRMED**.

5          **IT IS SO ORDERED.**

6 **DATED:** March 27, 2013

7                                                      **IRMA E. GONZALEZ**
                                                       **United States District Judge**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28